John P. Margiotta (jmargiotta@fzlz.com)
Felicity Kohn (fkohn@fzlz.com)
FROSS ZELNICK LEHRMAN & ZISSU, P.C.
866 United Nations Plaza
New York, NY 10017
(212) 813-5900

*Attorneys for Plaintiffs*

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CARTIER INTERNATIONAL AG, | |
| Plaintiff, | Civil Action No. _____ |
| v. | |
| EFFY JEWELERS CORP., | **COMPLAINT** |
| Defendant. | **(JURY TRIAL DEMANDED)** |

     Plaintiff Cartier International AG ("Cartier") for its Complaint against Defendant Effy

Jewelers Corp. ("Defendant" or "Effy"), alleges as follows:

### SUBSTANCE OF THE ACTION

     1.     Cartier is one of the world's most renowned jewelers and luxury watch

manufacturers. For decades, Cartier jewelry and watches have been highly regarded throughout

the world as finely crafted works of art.

     2.     Cartier brings this action for acts of willful and serial infringement of its jewelry

designs by Defendant, which has an office in New York, New York as well as an online retail

site www.effyjewelry.com. Defendant also operates online storefronts run through third- party

marketplace websites, including the Amazon marketplace and Ebay.com. Through these retail

outlets, Defendant unlawfully promotes, distributes, and sells jewelry products that are imitations

of Cartier's jewelry designs protected under the copyright laws. The number of infringing pieces

offered for sale by Effy is staggering, and makes clear its willful intent to unlawfully imitate Cartier's famous and original jewelry designs. All of the claims asserted herein arise out of and are based on Defendant's willful infringement of Cartier's intellectual property rights, which Defendant is well aware of but chooses to blatantly disregard.

3.      Defendant's actions, as further described herein, are causing immediate and irreparable harm to Cartier and its brand, and are also harming consumers. To redress the harm being done to Cartier and to the public and to protect its exclusive rights, Cartier brings claims for copyright infringement under the Copyright Act of 1976, 17 U.S.C. § 101, *et seq*. Cartier seeks injunctive and monetary relief.

**JURISDICTION AND VENUE**

4.      This Court has jurisdiction under Section 501 of the Copyright Act, 17 U.S.C. § 501 and under Sections 1331 and 1338(a) and (b) of the Judicial Code, 28 U.S.C. §§ 1331, 1338(a) & (b). Supplemental jurisdiction exists over Cartier's state law claims pursuant to 28 U.S.C. § 1367.

5.      This Court has personal jurisdiction over Defendant because Defendant does business in, has substantial contacts with, resides in and/or may be found in the Southern District of New York, and a substantial portion of the events at issue have arisen and will arise in this judicial district.

6.      Venue is proper under Section 1391(b) of the Judicial Code, 28 U.S.C. §§ 1391(b) and (c), because a substantial part of the events giving rise to the claims occurred in this District, because Defendant is deemed to reside in this District by virtue of being subject to personal jurisdiction here, and/or because Cartier is suffering harm in this District.

## THE PARTIES

7.    Plaintiff Cartier International AG is a public limited company organized and existing under the laws of Switzerland, having a principal place of business at Hinterbergstrasse 22, 6330 Cham, Switzerland.

8.    Upon information and belief, Defendant Effy Jewelers Corp. is a corporation organized and existing under the laws of the State of New York, having a principal place of business at 7 W. 45th Street, Suite 1105, New York, New York 10036.

## FACTS COMMON TO ALL CLAIMS FOR RELIEF

### I.    CARTIER'S BUSINESS AND INTELLECTUAL PROPERTY RIGHTS

A.    The CARTIER Brand and Business

9.    Cartier is a world-famous supplier of fine jewelry and luxury watches sold under the CARTIER name and mark.

10.    Founded in 1847 by Louis-François Cartier, Cartier has built a reputation for fine craftsmanship in the jewelry field.  Through over 160 years of use, Cartier has built its CARTIER name and mark to be synonymous with high-quality, well-crafted jewelry.  Today, the company offers for sale and sells a wide range of products including timepieces, fine jewelry, and accessories.  Cartier's commitment to innovation in design and function, as well as its use of only the finest materials, has brought it renown as a leading maker of luxury goods.

11.    Among Cartier's most important assets is the intellectual property associated with the CARTIER brand. Among other protection, Cartier owns U.S. copyright registrations covering many of its innovative jewelry and watch designs.

{T17709122.2 }

3

B.     Cartier's PANTHÈRE DE CARTIER Line and Related Intellectual Property
Rights

12.     The PANTHÈRE jewelry range has been one of Cartier's most well-known and
sought-after product lines since it began in 1914 with a panther-motif ladies' wristwatch. Cartier
further developed the panther motif throughout the early 1900's, coinciding with the Art
Deco movement and the popularity of Egyptian and Oriental designs.

13.     Over the ensuing decades, the PANTHÈRE range has included numerous items
designed and produced by Cartier and its affiliates, including iconic panther-head jewelry
designs as well as broaches, watches, handbags, pens, sunglasses, and more.

14.     One of Cartier's distinctive items in the PANTHÈRE range is its Panthère
Enlacée (Diamonds) design (the "Panthère Enlacée (Diamonds) Design"), which, as shown in the
example below, consists of a panther head with almond shaped eyes, triangular ears pointing
back and closer to the head, and a bit-like ring clenched in the cat's jaws:



15.     Cartier owns a U.S. copyright in the Panthère Enlacée (Diamonds) Design, U.S.
Copyright Registration No. VA 1-962-502 (the "Panthère Enlacée (Diamonds) Copyright"). A
true and correct copy of the registration is attached as Exhibit A.

16.     Cartier also owns the Panthère Enlacée (Spotted) design (the "Panthère Enlacée
(Spotted) Design"). As shown below, the Panthère Enlacée (Spotted) Design consists of a

{F1770912.2 }

panther head with almond shaped eyes, triangular ears pointing back and closer to the head, black, roughly diamond-shaped spots scattered across the head, and a bit-like ring clenched in the cat's jaws:



17.     Cartier owns a U.S. copyright in the Panthère Enlacée (Spotted) Design, U.S. Copyright Registration No. VA 1-962-554 (the "Panthère Enlacée (Spotted) Copyright"). A true and correct copy of the registration is attached as Exhibit B.

18.     Cartier's rights in the Panthère Enlacée (Diamonds) Design and the Panthère Enlacée (Spotted) Design are also protected by Design Patent No. D692,343, which was issued by the United States Patent Office on October 29, 2013. A true and correct copy of the registration is attached as Exhibit C.

19.     Another of Cartier's iconic items in the PANTHÈRE range is the Lakarda design (the "Lakarda Design"). The Lakarda Design consists of a spiral metal design with one end of the spiral culminating in an upright panther head facing forward, with almond-shaped eyes, an onyx nose, and slightly rounded ears pointing up.



20.     Cartier owns a U.S. copyright in the Lakarda Design, U.S. Copyright Registration No. VA 1-969-281 (the "Lakarda Copyright").  A true and correct copy of the registration is attached as Exhibit D.

21.     Cartier also owns the distinctive Bague Lakarda Deux Têtes design (the "Bague Lakarda Deux Têtes Design").  As seen below, the Bague Lakarda Deux Têtes Design features a spiral shape with both ends of the spiral culminating in an upright panther head facing forward, with almond-shaped eyes, an onyx nose, and slightly rounded ears pointing up.   The two panther heads are touching one another and are connected at their cheeks, with each head facing in a different direction.



22. Cartier owns a U.S. copyright in the Bague Lakarda Deux Têtes Design, U.S. Copyright Registration No. VA 1-969-316 (the "Bague Lakarda Deux Têtes Copyright"). A true and correct copy of the registration is attached as Exhibit E.

23. Another jewelry design owned by Cartier is the Motif Tête de Panthère et Cabochon (the "Motif Tête de Panthère et Cabochon Design"). As shown below, the Motif Tête de Panthère et Cabochon Design consists of a panther head turned to the side with triangular ears pointing out and to the side and panther body and paws reaching towards and embracing a round, largely flat jewel. The design also features spots picked out in jewels:



24. Cartier owns a U.S. copyright in the Motif Tête de Panthère et Cabochon Design, U.S. Copyright Registration No. VA 1-962-506 (the "Motif Tête de Panthère et Cabochon Copyright"). A true and correct copy of the registration is attached as Exhibit F.

25. Cartier also owns the Bague Tête de Panthère Tâchetée jewelry design (the "Bague Tête de Panthère Tâchetée Design"). The Bague Tête de Panthère Tâchetée Design is a ring design consisting of a panther head with almond shaped emerald eyes, protruding triangular ears, and black diamond-shaped spots picked out in jewels on the head of the animal that uses the mouth of the panther as the bottom of the ring:



26.     Cartier owns a U.S. copyright in the Bague Tête de Panthère Tâchetée Design, U.S. Copyright Registration No. VA 1-962-511 (the "Bague Tête de Panthère Tâchetée Copyright").  A true and correct copy of the registration is attached as Exhibit G.

27.     Cartier owns the Bracelet Deux Panthères jewelry design (the "Bracelet Deux Panthères Design").  As shown below, the Bracelet Deux Panthères Design features two panthers facing one another.  The panthers' bodies, which have black spots picked out in jewels, stretch down and form the structure of the bracelet.  The panthers are positioned on either side of a large stone, and each has one paw extended slightly and resting on a black bar and the other paw resting on the stone.



28.     Cartier owns a U.S. copyright in the Bracelet Deux Panthères Design, U.S. Copyright Registration No. VA 1-962-519 (the "Bracelet Deux Panthères Copyright").  A true and correct copy of the registration is attached as Exhibit H.

29.     Cartier also owns the Panthère Circle jewelry design (the "Panthère Circle Design").  The Panthère Circle Design consists of a panther head, body, and elongated tail forming a circle, with the panther's paws resting on its curved tail to close the bracelet.  The panther has black spots picked out in jewels.



30.     Cartier owns a U.S. copyright in the Panthère Circle Design, U.S. Copyright Registration No. VA 1-962-526 (the "Panthère Circle Copyright").  A true and correct copy of the registration is attached as Exhibit I.

31.     Cartier owns the Panthère Eclipse design (the "Panthère Eclipse Design").  The Panthère Eclipse design consists of a panther head seen in profile that continues into a circle that wraps around to tuck flat against the inside of the head.  The panther has black spots picked out in jewels, the jaws are slightly opened, and the ears are triangular and pointed back.



9

32.     Cartier owns a U.S. copyright in the Panthère Eclipse Design, U.S. Copyright
Registration No. VA 1-962-528 (the "Panthère Eclipse Copyright"). A true and correct copy of
the registration is attached as Exhibit J.

33.     Cartier also owns the Panthère Turquin pendent design (the "Panthère Turquin
Design"). The Panthère Turquin Design consists a long, narrow pendent featuring a panther
head and upper body seen in bas relief profile against a flat background. The panther has black
spots picked out in jewels, and one almond-shaped eye is visible in the profile view.



34.     Cartier owns a U.S. copyright in the Panthère Turquin Design, U.S. Copyright
Registration No. VA 1-962-531 (the "Panthère Turquin Copyright"). A true and correct copy of
the registration is attached as Exhibit K.

35.     The copyright registrations shown in Exhibits A and B, as well as D through K
are owned by Cartier International AG. The copyright registrations shown in Exhibits A, B, F,
G, H, I, J and L are owned by assignment from Cartier Creation Studio S.A. A true and correct
copy of the assignment is attached as Exhibit L.

{F1779912.2 }

10

## II.    DEFENDANT'S UNLAWFUL ACTIVITIES

36.    On information and belief, Defendant is a jewelry designer and retailer offering collection jewelry to clients in the United States and around the world.  Defendant operates a retail outlet and showroom in New York City, operates an interactive website at http://www.effyjewelry.com, and also sells jewelry through a number of third-party retailers, including Macy's, Lord and Taylor, Amazon.com, Ebay, and many others.

37.    Upon information and belief, through its various retail outlets, Defendant has manufactured, advertised, offered for sale, sold, distributed, imported, and/or exported jewelry pieces that are substantially similar to Cartier's copyrighted Panthère Designs.

38.    Upon information and belief, such activities are being done willfully, with the knowledge that such jewelry is copied from Cartier's Panthère Designs.

39.    Upon information and belief, Defendant has systematically copied large portions of Cartier's PANTHÈRE line with the intent of undercutting Cartier and diverting Cartier's customers.

40.    Defendant is not related to or affiliated with Cartier in any way.  Defendant has not sought or received a license or authorization from Cartier for any purpose whatsoever, including for the acts described herein.

41.    As shown in the below advertisements, Defendant openly advertises and offers for sale infringing jewelry pieces that are substantially similar to Cartier's Panthère Designs:

{F1779912.2 }







{F1779912.2 }

42.     For example, upon information and belief, Effy has copied Cartier's Panthère Turquin Design, which consists of a long, narrow pendent featuring a panther head and upper body seen in bas relief profile against a flat background.  The panther has black spots picked out in jewels, and one almond-shaped eye is visible in the profile view.




Cartier Panthère Turquin Design                    Effy Imitation

1.  In addition, as depicted in the below photos, the Signature 14K White Gold Diamond and Emerald Ring sold by Defendant is a virtually identical copy of Cartier's Panthère Enlacée (Diamonds) Design, including the same almond shaped emerald eyes, triangular ears pointing back and parallel to the head, triangular nose, and a bit-like gold ring clenched in the cat's jaws:




Cartier Panthère Enlacée (Diamonds) Design        Effy Signature 14K White Gold Diamond and
                                                  Emerald Ring

13

{F1779912.2 }

2. Similarly, the Signature 14K White Gold Diamond and Emerald Ring sold by Defendant is a virtual identical copy of Cartier's Panthère Enlacée (Spotted) Design, including the same almond shaped emerald eyes, triangular ears pointing back and parallel to the head, triangular nose, black, roughly diamond-shaped spots scattered across the head, and a bit-like gold ring clenched in the cat's jaws:






| Cartier Panthère Enlacée (Spotted) Design | Effy Signature Yellow Gold Diamond & Emerald Ring | Effy Signature 14K Rose Gold Diamond & Emerald Earrings |

3. Upon information and belief, Effy has also produced and sold many blatant copies of the Lakarda Design, including the same spiral culminating in an upright panther head facing forward, with almond-shaped eyes, an onyx nose, and slightly rounded ears pointing up:




Cartier Lakarda Design                Effy Signature Rose Gold Diamond & Emerald Ring

4. Upon information and belief, Effy has wrongfully copied the Bague Lakarda Deux Têtes Design, including the spiral shape with both ends of the spiral culminating in an upright panther head facing forward, with almond-shaped eyes and slightly rounded ears pointing up:




Cartier Bague Lakarda Deux Têtes Design       Effy Infringing Design

5. Upon information and belief, Effy has also copied the Motif Tête de Panthère et Cabochon Design, with an infringing product featuring the same panther head turned to the side with triangular ears pointing out and to the side and panther body and paws reaching towards and embracing a round, largely flat jewel:





Cartier Motif Tête de Panthère et Cabochon Design

Effy Signature 14K White Gold Diamond and Emerald Ring

Effy Signature Ruby, Diamond and Emerald Ring

6. Upon information and belief, Effy likewise copied and offers for sale a nearly identical copy of the Bague Tête de Panthère Tâchetée Design, including the almond shaped emerald eyes, protruding ears, triangular nose, black diamond-shaped spots picked out in jewels, and the mouth of the panther as the bottom of the ring:



Cartier Bague Tête de Panthère Tâchetèe Design



Effy Signature White Gold Diamond and Emerald Ring

7. Upon information and belief, Effy has also copied the Bracelet Deux Panthères Design, including the two panthers facing one another, with the panthers positioned on either side of a large stone, each with its paws resting on the stone, and the panthers' bodies featuring black spots picked out in jewels stretching down and forming the structure of the design:



Cartier Bracelet Deux Panthères Design



Effy Signature Rose Gold, Diamond, Sapphire & Emerald Ring

8.   Upon information and belief, Effy also offers for sale a nearly identical copy of the Panthère Circle Design, including the panther head, body, and tail forming the top portion of the bracelet, with the panther's paws resting on its curved tail to close the bracelet, as well as the black spots picked out in jewels.





Cartier Panthère Circle
Design

Effy Signature 14K
Yellow Gold Diamond
and Emerald Bangle

Effy Signature White Gold
Diamond  & Emerald Bangle

9.   Upon information and belief, Effy has likewise manufactured and offered for sale an infringing copy of Cartier's Panthère Eclipse Design, including a panther head seen in profile that continues into a circle and wraps around to tuck flat against the inside of the head.  As in Cartier's original, Effy's copy features a panther with black spots picked out in jewels, with slightly opened jaws, and triangular ears that are pointed back.



Cartier Panthère Eclipse Necklace        Effy Imitation

10. Upon information and belief, such activities are being done willfully, with the knowledge that such jewelry is copied from, and/or based upon, Cartier's Panthère Designs.

11. Indeed, Defendant has actual knowledge of Cartier's rights.  On or about December 19, 2014, Cartier sent Defendant a letter demanding that Defendant immediately cease its unlawful activities.

12. Notwithstanding the fact that Defendant is on actual notice of Cartier's exclusive rights, Defendant has, upon information and belief, continued to advertise, distribute, offer for sale, and sell infringing products which are substantially similar to Cartier's Panthère Designs.

13. Defendant is not related to or affiliated with Cartier in any way.  Defendant has not sought or received a license or authorization from Cartier for any purpose whatsoever, including for the acts described herein.

14. Defendant's imitation Panthère Designs directly compete with Cartier's products.

15. Upon information and belief, Defendant knows, and at all relevant times has known, that the products it sells are an unlawful imitation of Cartier's jewelry products.

16. Upon information and belief, Defendant's activity described herein is intentionally fraudulent, malicious, willful, and wanton.

18

17. Defendant's unauthorized acts as described herein have caused and will continue to cause irreparable damage to Cartier and its business and goodwill unless restrained by this Court.

## FIRST CLAIM FOR RELIEF:
## COPYRIGHT INFRINGEMENT OF THE PANTHÈRE TURQUIN DESIGN IN VIOLATION OF 17 U.S.C. § 501

1. Plaintiff Cartier International AG repeats and incorporates herein by reference each of the foregoing allegations.

2. The Panthère Turquin Design is an original and creative work of Cartier International A.G. and its predecessors-in-interest. Cartier International A.G. is the owner of the Panthère Turquin Design and Copyright.

3. Upon information and belief, Defendant, without Cartier International A.G.'s authorization or consent, has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Panthère Turquin Design, including the Effy imitation, as pictured below:




Cartier Panthère Turquin Design                    Effy Imitation

{F1779912 2 }

4.  Upon information and belief, without Cartier International A.G.'s authorization or consent, Defendant has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold additional jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Panthère Turquin Design.

5.  Defendant has thereby violated and, upon information and belief, continues to violate, Cartier International A.G.'s exclusive rights in the Panthère Turquin Copyright under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

6.  Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

7.  Defendant's infringement of Cartier International A.G.'s exclusive rights in its Panthère Turquin Design has caused Cartier International A.G. damage, and has enabled Defendant to profit illegally therefrom.

8.  Defendant's copyright infringement has caused, and unless enjoined by this Court, will continue to cause, Cartier International A.G. to sustain irreparable damage, loss, and injury, for which Cartier International A.G. has no adequate remedy at law.

### SECOND CLAIM FOR RELIEF:
### COPYRIGHT INFRINGEMENT OF THE PANTHERE ENLACÉE (DIAMONDS) DESIGN IN VIOLATION OF 17 U.S.C. § 501

9.  Plaintiff Cartier International AG repeats and incorporates herein by reference each of the foregoing allegations.

{F1779912.2 }

20

10. The Panthère Enlacée (Diamonds) Design is an original and creative work of Cartier International A.G. and its predecessors-in-interest.  Cartier International A.G. is the owner of the Panthère Enlacée (Diamonds) Design and Copyright.

11. Upon information and belief, Defendant, without Cartier International A.G.'s authorization or consent, has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Panthère Enlacée (Diamonds) Design, including the Effy Signature 14K White Gold Diamond and Emerald Ring, as pictured below:




Cartier Panthère Enlacée (Diamonds) Design    Effy Signature 14K White Gold Diamond and Emerald Ring

12. Upon information and belief, without Cartier International A.G.'s authorization or consent, has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold additional jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Panthère Enlacée (Diamonds) Design.

13. Defendant has thereby violated and, upon information and belief, continues to violate, Cartier International A.G.'s exclusive rights in the Panthère Enlacée (Diamonds) Copyright

{F1779912-2 }

21

under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

14. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

15. Defendant's infringement of Cartier International A.G.'s exclusive rights in its Panthère Enlacée (Diamonds) Design has caused Cartier International A.G. damage, and has enabled Defendant to profit illegally therefrom.

16. Defendant's copyright infringement has caused, and unless enjoined by this Court, will continue to cause, Cartier International A.G. to sustain irreparable damage, loss, and injury, for which Cartier International A.G. has no adequate remedy at law.

**THIRD CLAIM FOR RELIEF:**
**COPYRIGHT INFRINGEMENT OF THE PANTHERE ENLACÉE (SPOTTED) DESIGN**
**IN VIOLATION OF 17 U.S.C. § 501**

17. Plaintiff Cartier International AG repeats and incorporates herein by reference each of the foregoing allegations.

18. The Panthère Enlacée (Spotted) Design is an original and creative work of Cartier International A.G. and its predecessors-in-interest. Cartier International A.G. is the owner of the Panthère Enlacée (Spotted) Design and Copyright.

19. Upon information and belief, Defendant, without Cartier International A.G.'s authorization or consent, has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Panthère Enlacée (Spotted) Design, including the Effy Signature Yellow Gold Diamond & Emerald Ring and Effy Signature 14K Rose Gold Diamond & Emerald Earrings, as pictured below:

{F[7779I2,2 }

   

Cartier Panthère Enlacée    Effy Signature Yellow Gold    Effy Signature 14K Rose Gold
(Spotted) Design            Diamond & Emerald Ring        Diamond & Emerald Earrings

20. Upon information and belief, without Cartier International A.G.'s authorization or consent, Defendant has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold additional jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Panthère Enlacée (Spotted) Design.

21. Defendant has thereby violated and, upon information and belief, continues to violate, Cartier International A.G.'s exclusive rights in the Panthère Enlacée (Spotted) Copyright under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

22. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

23. Defendant's infringement of Cartier International A.G.'s exclusive rights in its Panthère Enlacée (Spotted) Design has caused Cartier International A.G. damage, and has enabled Defendant to profit illegally therefrom.

24. Defendant's copyright infringement has caused, and unless enjoined by this Court, will continue to cause, Cartier International A.G. to sustain irreparable damage, loss, and injury, for which Cartier International A.G. has no adequate remedy at law.

**FOURTH CLAIM FOR RELIEF:**
**COPYRIGHT INFRINGEMENT OF THE LAKARDA DESIGN IN VIOLATION OF 17 U.S.C. § 501**

25. Plaintiff Cartier International AG repeats and incorporates herein by reference each of the foregoing allegations.

26. The Lakarda Design is an original and creative work of Cartier International A.G. and its predecessors-in-interest.  Cartier International A.G. is the owner of the Lakarda Design and Copyright.

27. Upon information and belief, Defendant, without Cartier International A.G.'s authorization or consent, has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Lakarda Design, including the Effy Signature Rose Gold Diamond & Emerald Ring, as pictured below:






Cartier Lakarda Design               Effy Signature Rose Gold Diamond & Emerald
Ring

{F1779912.2.}

28. Upon information and belief, without Cartier International A.G.'s authorization or consent, Defendant has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold additional jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Lakarda Design.

29. Defendant has thereby violated and, upon information and belief, continues to violate, Cartier International A.G.'s exclusive rights in the Lakarda Copyright under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

30. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

31. Defendant's infringement of Cartier International A.G.'s exclusive rights in its Lakarda Design has caused Cartier International A.G. damage, and has enabled Defendant to profit illegally therefrom.

32. Defendant's copyright infringement has caused, and unless enjoined by this Court, will continue to cause, Cartier International A.G. to sustain irreparable damage, loss, and injury, for which Cartier International A.G. has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF:
## COPYRIGHT INFRINGEMENT OF THE BAGUE LAKARDA DEUX TÊTES DESIGN IN VIOLATION OF 17 U.S.C. § 501

33. Plaintiff Cartier International AG repeats and incorporates herein by reference each of the foregoing allegations.

34. The Bague Lakarda Deux Têtes Design is an original and creative work of Cartier International A.G. and its predecessors-in-interest.  Cartier International A.G. is the owner of the Bague Lakarda Deux Têtes Design and Copyright.

{11709912.2 }

35. Upon information and belief, Defendant, without Cartier International A.G.'s authorization or consent, has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Bague Lakarda Deux Têtes Design, including the Effy infringing design, as pictured below:

 

Cartier Bague Lakarda          Effy Infringing Design
Deux Têtes Design

36. Upon information and belief, without Cartier International A.G.'s authorization or consent, Defendant has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold additional jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Bague Lakarda Deux Têtes Design.

37. Defendant has thereby violated and, upon information and belief, continues to violate, Cartier International A.G.'s exclusive rights in the Bague Lakarda Deux Têtes Copyright under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

38. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

{F1779912.2}

39. Defendant's infringement of Cartier International A.G.'s exclusive rights in its Bague

Lakarda Deux Têtes Design has caused Cartier International A.G. damage, and has enabled

Defendant to profit illegally therefrom.

40. Defendant's copyright infringement has caused, and unless enjoined by this Court,

will continue to cause, Cartier International A.G. to sustain irreparable damage, loss, and injury,

for which Cartier International A.G. has no adequate remedy at law.

### SIXTH CLAIM FOR RELIEF:
### COPYRIGHT INFRINGEMENT OF THE MOTIF TÊTE DE PANTHÈRE ET CABOCHON DESIGN IN VIOLATION OF 17 U.S.C. § 501

41. Plaintiff Cartier International AG repeats and incorporates herein by reference each of

the foregoing allegations.

42. The Motif Tête de Panthère et Cabochon Design is an original and creative work of

Cartier International A.G. and its predecessors-in-interest.  Cartier International A.G. is the

owner of the Motif Tête de Panthère et Cabochon Design and Copyright.

43. Upon information and belief, Defendant, without Cartier International A.G.'s

authorization or consent, has manufactured, imported, displayed, advertised, reproduced,

distributed, exported, offered for sale, and/or sold jewelry products incorporating designs that

were copied from and are substantially similar in overall appearance to the Motif Tête de

Panthère et Cabochon Design, including the Effy Signature 14K White Gold Diamond and

Emerald Ring and Effy Signature Ruby, Diamond and Emerald Ring, as pictured below:

{F1779912.2 }







| Cartier Motif Tête de Panthère et Cabochon Design | Effy Signature 14K White Gold Diamond and Emerald Ring | Effy Signature Ruby, Diamond and Emerald Ring |

1.  Upon information and belief, Defendant, without Cartier International A.G.'s authorization or consent, has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold additional jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Motif Tête de Panthère et Cabochon Design.

1.  Defendant has thereby violated and, upon information and belief, continues to violate, Cartier International A.G.'s exclusive rights in the Motif Tête de Panthère et Cabochon Copyright under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

2.  Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

3.  Defendant's infringement of Cartier International A.G.'s exclusive rights in its Motif Tête de Panthère et Cabochon Design has caused Cartier International A.G. damage, and has enabled Defendant to profit illegally therefrom.

{F1779912.2 }

4.  Defendant's copyright infringement has caused, and unless enjoined by this Court, will continue to cause, Cartier International A.G. to sustain irreparable damage, loss, and injury, for which Cartier International A.G. has no adequate remedy at law.

**SEVENTH CLAIM FOR RELIEF:**
**COPYRIGHT INFRINGEMENT OF THE BAGUE TÊTE DE PANTHÈRE TACHETÈE DESIGN IN VIOLATION OF 17 U.S.C. § 501**

5.  Plaintiff Cartier International AG repeats and incorporates herein by reference each of the foregoing allegations.

6.  The Bague Tête de Panthère Tachetèe Design is an original and creative work of Cartier International A.G. and its predecessors-in-interest.  Cartier International A.G. is the owner of the Bague Tête de Panthère Tachetèe Design and Copyright.

7.  Upon information and belief, Defendant, without Cartier International A.G.'s authorization or consent, has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Bague Tête de Panthère Tachetèe Design, including the Effy Signature White Gold Diamond and Emerald Ring, as pictured below:





Cartier Bague Tête de Panthère Tachetèe Design

Effy Signature White Gold Diamond and Emerald Ring

{F17799122 }

8.  Upon information and belief, without Cartier International A.G.'s authorization or consent, Defendant has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold additional jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Bague Tête de Panthère Tâchetèe Design.

9.  Defendant has thereby violated and, upon information and belief, continues to violate, Cartier International A.G.'s exclusive rights in the Bague Tête de Panthère Tâchetèe Copyright under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

10. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

11. Defendant's infringement of Cartier International A.G.'s exclusive rights in its Bague Tête de Panthère Tâchetèe Design has caused Cartier International A.G. damage, and has enabled Defendant to profit illegally therefrom.

12. Defendant's copyright infringement has caused, and unless enjoined by this Court, will continue to cause, Cartier International A.G. to sustain irreparable damage, loss, and injury, for which Cartier International A.G. has no adequate remedy at law.

## EIGTH CLAIM FOR RELIEF:
## COPYRIGHT INFRINGEMENT OF THE BRACELET DEUX PANTHÈRES DESIGN
## IN VIOLATION OF 17 U.S.C. § 501

13. Plaintiff Cartier International AG repeats and incorporates herein by reference each of the foregoing allegations.

{F1779912 2 }

14. The Bracelet Deux Panthères Design is an original and creative work of Cartier International A.G. and its predecessors-in-interest.  Cartier International A.G. is the owner of the Bracelet Deux Panthères Design and Copyright.

15. Upon information and belief, Defendant, without Cartier International A.G.'s authorization or consent, has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Bracelet Deux Panthères Design, including the Effy Signature Rose Gold, Diamond, Sapphire & Emerald Ring, as pictured below:

    

Cartier Bracelet Deux Panthères Design　　　Effy Signature Rose Gold, Diamond, Sapphire & Emerald Ring

16. Upon information and belief, without Cartier International A.G.'s authorization or consent, Defendant has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold additional jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Bracelet Deux Panthères Design.

17. Defendant has thereby violated and, upon information and belief, continues to violate, Cartier International A.G.'s exclusive rights in the Bracelet Deux Panthères Copyright under

31

Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

18. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

19. Defendant's infringement of Cartier International A.G.'s exclusive rights in its Bracelet Deux Panthères Design has caused Cartier International A.G. damage, and has enabled Defendant to profit illegally therefrom.

20. Defendant's copyright infringement has caused, and unless enjoined by this Court, will continue to cause, Cartier International A.G. to sustain irreparable damage, loss, and injury, for which Cartier International A.G. has no adequate remedy at law.

### NINTH CLAIM FOR RELIEF:
### COPYRIGHT INFRINGEMENT OF THE PANTHÈRE CIRCLE DESIGN IN VIOLATION OF 17 U.S.C. § 501

21. Plaintiff Cartier International AG repeats and incorporates herein by reference each of the foregoing allegations.

22. The Panthère Circle Design is an original and creative work of Cartier International A.G. and its predecessors-in-interest.  Cartier International A.G. is the owner of the Panthère Circle Design and Copyright.

23. Defendant, without Cartier International A.G.'s authorization or consent, has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Panthère Circle Design, including the Effy Signature 14K Yellow Gold Diamond and Emerald Bangle and Effy Signature White Gold Diamond & Emerald Bangle, 3.46 TCW, as pictured below:

{F1779912.2 }



| Cartier Panthère Circle Design | Effy Signature 14K Yellow Gold Diamond and Emerald Bangle | Effy Signature White Gold Diamond & Emerald Bangle |

24. Upon information and belief, without Cartier International A.G.'s authorization or consent, Defendant has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold additional jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Panthère Circle Design.

25. Defendant has thereby violated and, upon information and belief, continues to violate, Cartier International A.G.'s exclusive rights in the Panthère Circle Copyright under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

26. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

27. Defendant's infringement of Cartier International A.G.'s exclusive rights in its Panthère Circle Design has caused Cartier International A.G. damage, and has enabled Defendant to profit illegally therefrom.

{F1779912.2 }

28. Defendant's copyright infringement has caused, and unless enjoined by this Court, will continue to cause, Cartier International A.G. to sustain irreparable damage, loss, and injury, for which Cartier International A.G. has no adequate remedy at law.

## TENTH CLAIM FOR RELIEF:
### COPYRIGHT INFRINGEMENT OF THE PANTHÈRE ECLIPSE DESIGN IN VIOLATION OF 17 U.S.C. § 501

29. Plaintiff Cartier International AG repeats and incorporates herein by reference each of the foregoing allegations.

30. The Panthère Eclipse Design is an original and creative work of Cartier International A.G. and its predecessors-in-interest. Cartier International A.G. is the owner of the Panthère Eclipse Design and Copyright.

31. Upon information and belief, Defendant, without Cartier International A.G.'s authorization or consent, has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Panthère Eclipse Design, including the Effy imitation, as pictured below:

   

Cartier Panthère Eclipse Necklace                Effy Imitation

{P1779912.2 }

32. Upon information and belief, without Cartier International A.G.'s authorization or consent, Defendant has manufactured, imported, displayed, advertised, reproduced, distributed, exported, offered for sale, and/or sold additional jewelry products incorporating designs that were copied from and are substantially similar in overall appearance to the Panthère Eclipse Design.

33. Defendant has thereby violated and, upon information and belief, continues to violate, Cartier International A.G.'s exclusive rights in the Panthère Eclipse Copyright under Section 106 of the Copyright Act, 17 U.S.C. § 106, in violation of Section 501 of the Copyright Act, 17 U.S.C. § 501.

34. Upon information and belief, Defendant's aforesaid conduct has been undertaken knowingly, willfully, and in bad faith.

35. Defendant's infringement of Cartier International A.G.'s exclusive rights in its Panthère Eclipse Design has caused Cartier International A.G. damage, and has enabled Defendant to profit illegally therefrom.

36. Defendant's copyright infringement has caused, and unless enjoined by this Court, will continue to cause, Cartier International A.G. to sustain irreparable damage, loss, and injury, for which Cartier International A.G. has no adequate remedy at law.

## ELEVENTH CLAIM FOR RELIEF:
## DESIGN PATENT INFRINGEMENT OF DESIGN PATENT NO. D692,343 IN VIOLATION OF 35 U.S.C. § 271

37. Cartier repeats and incorporates by reference the allegations of paragraph 1 through 70 as set forth herein.

38. Cartier owns U.S. Design Patent No. D692,343, which is valid and subsisting, and is embodied by the Cartier Panthere (Spotted) Design and the Cartier Panthere Enlacee (Diamond) Design.

39. Upon information and belief, Defendant, without authorization from Cartier, has distributed, advertised, promoted, offered for sale and sold jewelry that is a studied imitation of and is substantially similar in overall appearance to the design set forth in D692,343, and embody the designs protected by such patents, including in the Effy Signature 14K White Gold Diamond and Emerald Ring, Effy Signature Yellow Gold Diamond & Emerald Ring, and Effy Signature 14K Rose Gold Diamond & Emerald Earrings, as pictured below:








| Cartier Panthère Enlacée (Spotted) Design | Cartier Panthère Enlacée (Diamond) Design | Effy Signature Yellow Gold Diamond & Emerald Ring | Effy Signature 14K Rose Gold Diamond & Emerald Earrings | Effy Signature 14K White Gold Diamond and Emerald Ring |

40. Defendant's knock-offs of the Panthère Designs appropriate the novel ornamental features set forth in Patent No. D692,343 such that an ordinary observer, giving such attention as a purchaser usually gives, would find Cartier's and Defendant's designs to be substantially the same and would find the two designs to resemble each other sufficiently to be deceived and to be induced to purchase one supposing it to be the other.

41. By the foregoing acts, Defendant has directly infringed, infringed under the doctrine of equivalents, contributorily infringed, and/or induced infringement of, and continues to so infringe, Patent No. D692,343.

42. Upon information and belief, Defendant's foregoing acts of infringement have been willful, intentional, in bad faith, and with knowledge of Cartier's exclusive patent rights.

43. Defendant's conduct violates Section 271 of the Patent Act, 35 U.S.C. § 271 and has caused and is causing substantial irreparable harm to Cartier. Cartier has no adequate remedy at law.

**WHEREFORE**, Cartier prays for judgment against Defendant as follows:

1.      Permanently enjoining and restraining Defendant, its agents, servants, employees, successors, and assigns and all those in active concert or participation with them, from:

(a)      infringing the Panthère Copyrights, including, without limitation, by manufacturing, reproducing, importing, distributing, displaying, advertising, promoting, offering for sale, selling, distributing, importing, or exporting, any of the Panthère Designs or any other designs copied or derived from the Panthère Designs;

(b)      imitating, copying, or making unauthorized use of, or otherwise infringing or inducing infringement of, the Panthère Patents;

(c)      assisting or authorizing any third party to engage in any of the actions prohibited by subparagraphs (a)-(b) above, inclusive.

2.      Directing that Defendant turn over to Cartier for impoundment and eventual destruction, without compensation to Defendant, all materials in its possession or control that violate the provisions of paragraphs 1(a)-(c) above, along with all articles by means of which such unauthorized copies may be reproduced.

3.      Directing that Defendant, at its own expense, recall from any distributors, retailers, vendors, or others to whom it has distributed materials that violate the provisions of paragraph 1(a)-(c) above, and that Defendant deliver up to Cartier for destruction all materials returned to them.

4.      Directing that Defendant provide Cartier with the names, addresses, and all other contact information in its possession (e.g., telephone numbers, fax numbers) for the sources of all products that bear or include counterfeits or copies of any of Cartier's trademarks, trade dresses, or copyright or that otherwise are intended to copy Cartier's products, including all manufacturers, distributors and/or suppliers.

5.      Directing that Defendant, pursuant to 15 U.S.C. § 1116(a), file with the Court and serve upon Cartier, within thirty (30) days of the entry of injunction prayed for herein, a written report under oath or affirmed under penalty of perjury setting forth in detail the form and manner in which it has complied with the permanent injunction.

6.      Granting Cartier all damages sustained as a result of Defendant's unlawful activities described above, together with appropriate interest thereon and, in connection with Cartier International A.G.'s claims under copyright, actual or statutory damages as Cartier International A.G. may elect, as provided by 17 U.S.C. § 504(c).

7.      Granting Cartier its full costs, including, as part of such costs, reasonable attorneys' fees pursuant to 15 U.S.C. § 1117 and/or 17 U.S.C. § 505.

8.      Granting Cartier both pre-judgment and post-judgment interest on each and every monetary award.

9.      Granting Cartier such other and further relief as the Court may consider equitable, just and proper.

## JURY DEMAND

Plaintiffs demand a trial by jury.

Dated:  November 23, 2015

FROSS ZELNICK LEHRMAN & ZISSU, P.C.

By _____

  John P. Margiotta
  Felicity Kohn
866 United Nations Plaza
New York, New York 10017
Tel: (212) 813-5900
*jmargiotta@fzlz.com*
*fkohn@fzlz.com*

*Attorneys for Plaintiffs*

{F1779912.2 }